IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | COMPLAINT |
| vs. | ) ) | JURY TRIAL DEMANDED |
| THE GEORGE WASHINGTON UNIVERSITY, | ) ) | |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

The U.S. Equal Employment Opportunity Commission ("the Commission" or "EEOC") brings this action against The George Washington University ("Defendant"), under the Equal Pay Act of 1963 ("EPA"), to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex and to collect back wages due to Charging Party, Sara Williams, as a result of such unlawful payments and, under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party.  As alleged with greater particularity below, EEOC alleges that Defendant unlawfully discriminated against Charging Party by paying her lower compensation than Defendant paid to males for performing substantially equal work, engaging in disparate pay practices, failing to provide her with promotional opportunities, subjecting her to disparate terms and conditions of employment, and depriving her of opportunities and advancement because of her sex.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343, and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the

Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce

the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. §

206(d), and pursuant to Sections 706(f)(1) and (3) of Title VII, as amended, 42 U.S.C. § 2000e-

5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the District of Columbia.

PARTIES

3.      EEOC is the agency of the United States of America charged with the

administration, interpretation, and enforcement of the Equal Pay Act and Title VII, and is expressly

authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217,

as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-

532 (1984), 98 Stat. 2705, and by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-

5(f)(1) and (3).

4.      At all relevant times, Defendant, an institution of higher education located in the

District of Columbia, has continuously been doing business in the District of Columbia and has

continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an

industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42

U.S.C. §§ 2000e(b), (g) and (h).

6.      At all relevant times, Defendant has acted directly or indirectly as an employer in

relation to employees and has continuously been an employer within the meaning of Section 3(d)

of the FLSA, 29 U.S.C. § 203(d).

7.      At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) and has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. § 203(r), (s), in that it has continuously been an enterprise engaged in the operation of an institution of higher education.

## ADMINISTRATIVE PROCEDURES

8.      More than 30 days prior to the institution of this lawsuit, Charging Party filed a charge with the Commission alleging violations of Title VII and the EPA by Defendant.

9.      On April 21, 2017, EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII and the EPA were violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and to provide appropriate relief.

10.     The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12.     On July 19, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

13.     All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14.     In August 2014, Defendant hired Charging Party to work as the Executive Assistant to Defendant's Director of Athletics, Patrick Nero.

15.     While she held the position of Executive Assistant to the Director of Athletics (hereinafter, "Executive Assistant to the Athletics Director"), the work Charging Party performed included, but was not limited to:

(a)     providing high-level administrative support to the Director of Athletics;

(b)     leading the administrative function of the Office of the Director of Athletics;

(c)     coordinating administrative staff members;

(d)     maintaining the external face of the Office of the Director of Athletics;

(f)     acting as liaison to external departments for administrative and operational matters;

(g)     acting as project manager for special projects in support of key priorities for the Department of Athletics; and

(h)     serving on the senior staff of the Department of Athletics.

16.     Charging Party was qualified for the position of Executive Assistant to the Athletics Director.

17.     While Charging Party worked as the Executive Assistant to the Athletics Director, Defendant paid her in the range of $38,500 to $40,000 a year.

18.     In September 2015, Michael Aresco began performing work in the Administrative Suite of the Office of the Director of Defendant's Athletics Department.

19.     Before Aresco began performing work in the Administrative Suite of the Office of the Director of Defendant's Athletics Department, he had not been employed by Defendant in any administrative position.

20.     Nero treated Aresco more favorably than Charging Party because of sex, including but not limited to requiring Charging Party to train Aresco and perform job duties that Aresco

either failed to perform or was incapable of performing; enhancing Aresco's importance and future opportunities while minimizing Charging Party and assigning her to tasks such as running personal errands; providing promotional opportunities to Aresco; and otherwise favoring Aresco to Charging Party's detriment.

21.     Nero's favorable treatment of Aresco was part of his pattern of using power granted to him by Defendant to gain access, and provide preferential treatment, to males and to minimize or oppose those who are entitled to equal treatment or do not support his inappropriate or discriminatory conduct.

22.     In January 2016, Defendant issued a posting for a job entitled, "Special Assistant, Athletics" (hereinafter, "Special Assistant").

23.     The Special Assistant job posting that Defendant issued in January 2016 states, in part, "The Department of Athletics and Recreation seeks a Special Assistant, Athletics to provide high-level administrative support to Director of Athletics."

24.     The Special Assistant job posting describes work that is substantially equal to the work that Charging Party performed while she worked for Defendant as the Executive Assistant to the Athletics Director.

25.     Before Defendant selected Aresco the fill the Special Assistant position, Defendant's personnel told Charging Party that the Special Assistant position had been created for Aresco, and that it already had been decided to hire him for that position.

26.     Defendant dissuaded and deterred Charging Party from applying for the Special Assistant job that was posted in January 2016.

27.     Charging Party was qualified for the Special Assistant job that was posted in January 2016.

28.     In January 2016, Defendant selected Aresco to fill the Special Assistant position.

29.     When Aresco worked as the Special Assistant to the Athletics Director, Defendant paid him approximately $77,500 a year, and granted him subsequent pay raises.

30.     After Defendant and Nero provided Aresco with employment opportunities, advancement, and other preferential treatment, including but not limited to paying him more than Charging Party to work as the Special Assistant to the Athletics Director, such preferential treatment continued to adversely impact Charging Party's compensation rate and opportunities for advancement.

## COUNT I: VIOLATIONS OF THE EQUAL PAY ACT

31.     EEOC incorporates paragraphs 1 through 30.

32.     Beginning in at least August 2014 and continuing thereafter, Defendant has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying Charging Party lower compensation than Defendant paid to males to perform substantially equal work.

33.     As a result of the acts complained of in Count I, Defendant has unlawfully withheld the payment of wages and benefits due to Charging Party.

34.     The unlawful practices complained of in Count I were willful.

## COUNT II: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

35.     EEOC incorporates paragraphs 1 through 30.

36.     Beginning in at least August 2014 and continuing thereafter, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

37.     Defendant has unlawfully discriminated against Charging Party by engaging in

disparate pay practices based on sex.

38.     Defendant has unlawfully discriminated against Charging Party by failing to provide her with promotional opportunities, subjecting her to disparate terms and conditions of employment, and depriving her of employment opportunities and advancement because of her sex.

39.     The alleged legitimate non-discriminatory reason/s asserted for Defendant's conduct is a pretext for unlawful sex discrimination.

40.     The effect of the practices complained of in Count II has been to deprive Charging Party of equal employment opportunities because of her sex.

41.     The unlawful employment practices complained of in Count II were intentional.

42.     The unlawful employment practices complained Count II were done with malice or reckless indifference to the federally protected rights of Charging Party.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from paying female employees lower compensation than their male comparators for performing equal work, from discriminating against female employees with respect to their compensation, promotion, advancement, opportunities, and other terms and conditions of employment,  and from engaging in any other employment practices that discriminate on the basis of sex;

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for females and that eradicate the effects of Defendant's past and present unlawful employment practices;

C.      Order Defendant to pay appropriate back wages and lost benefits in amounts to be

determined at trial, an equal sum as liquidated damages, and prejudgment interest resulting from Defendant's unlawful payment of lower compensation to Charging Party than compensation paid to a male comparator to perform substantially equal work;

      D.     Order Defendant to make whole Charging Party, by providing appropriate back pay, lost benefits, and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including, but not limited to, instatement of Charging Party or, in lieu thereof, front pay;

      E.     Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

      F.     Order Defendant to make whole Charging Party by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including pain and suffering, emotional distress, indignity, inconvenience, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial;

      G.     Order Defendant to pay Charging Party punitive damages for its malicious and reckless conduct, in an amount to be determined at trial;

      H.     Grant such further relief as the Court deems necessary and proper in the public interest; and

      I.     Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Washington, D.C.

JAMES L. LEE
Acting General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

DEBRA LAWRENCE
Regional Attorney
Philadelphia District Office

KATE NORTHRUP
Supervisory Trial Attorney
kate.northrup@eeoc.gov
U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
10 S. Howard St., 3rd Floor
Baltimore, MD 21201
Tel. (410) 209-2722