IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:17-cv-1978-CKK |
| THE GEORGE WASHINGTON UNIVERSITY, | ) ) | |
| Defendant. | ) ) ) | |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Pursuant to this Court's Scheduling and Procedures Order dated June 7, 2019 (Doc. 27), counsel for Plaintiff United States Equal Employment Opportunity Commission ("EEOC") and counsel for Defendant the George Washington University (the "University") (collectively, the "Parties") have conferred and jointly submit the following report and proposed discovery plan.

### A.    Written Discovery

EEOC has informed the University that, at this time, there is no need to serve a subpoena on Charging Party Sara Williams (a/k/a Sara Mutalib or Sara Mutalib Williams), for deposition or for production of documents, as EEOC will produce Charging Party for deposition pursuant to a notice of deposition, subject to the availability of counsel and Charging Party, and will respond to requests pursuant to Federal Civil Rules of Procedure 33 and 34 for documents and information within Charging Party's possession, custody, or control.  EEOC's agreement to do so does not waive any other objections EEOC may raise to such discovery requests.  EEOC has further agreed to promptly inform the University if circumstances change such that a subpoena becomes necessary.  In addition, the University reserves the right to serve requests for admission and requests for physical and mental examination of Charging Party pursuant to Federal Rules of Civil

Procedure 35 and 36.  The University understands that EEOC is not agreeing to respond to such requests on behalf of Charging Party, and the University reserves its right to raise this issue with the Court if and when necessary.

The University served on EEOC its first sets of interrogatories and requests for production on May 17, 2019.  The University subsequently revised its First Set of Requests for Production on June 11, 2019, to comply with the limits set forth in the Court's Order dated June 7, 2019.  On June 6, 2019, the University agreed to give EEOC a courtesy extension until July 15, 2019, to serve formal responses to the University's first sets of interrogatories and requests for production. EEOC agreed to provide unsworn, informal responses to several of the University's interrogatories by June 30, 2019, so that the University may issue any necessary third-party subpoenas.  On June 26, 2019, the University agreed to give EEOC an additional courtesy extension until August 2, 2019, to serve formal responses to the University's first set of interrogatories and requests for production, and until July 22, 2019, to provide the unsworn, informal responses to several of the University's interrogatories.  The University may serve additional written discovery requests thereafter, depending on the substance of EEOC's initial disclosures and first discovery responses, deposition testimony, and other developments.  EEOC's agreement to provide informal interrogatory responses is not meant to be interpreted to suggest that EEOC will not have objections to any third-party subpoenas issued by the University.

EEOC anticipates serving its first set of written discovery requests on the University on or before July 31, 2019.  EEOC may serve additional written discovery requests thereafter, depending on the substance of the University's initial disclosures and first discovery responses, deposition testimony, and other developments.

**B.** **Plan for Electronically Stored Information ("ESI")**

EEOC has agreed to provide the University with its standard ESI protocol by July 1, 2019, after which the Parties will meet and confer to attempt to finalize an ESI plan.  The Parties do not anticipate any issues regarding the disclosure, discovery, or preservation of ESI.  The Parties will discuss and negotiate over the format of production as necessary, depending on the request(s) in question and the type of ESI at issue.

**C.** **Protective Order**

The Parties have discussed the potential need for a protective order and will work together to prepare a stipulated protective order to present to the Court in July for the Court's consideration.

**D.** **Depositions**

The University originally noticed Charging Party's deposition for July 16, 2019, but in light of the courtesy extensions it granted to EEOC to respond to the University's first sets of interrogatories and requests for production, the Parties have agreed to postpone Charging Party's deposition until a mutually agreeable date yet to be determined, likely in early-to-mid September. The University may notice and take additional depositions, depending on the substance of EEOC's initial disclosures and discovery responses, deposition testimony, and other developments.  The University likely would take those depositions on mutually agreeable dates in September, October, or November, after the University takes Charging Party's deposition.

EEOC plans to notice and take depositions of Patrick Nero and Michael Aresco, which will likely take place on mutually agreeable dates in September, October, or November, after the University takes Charging Party's deposition.  EEOC likely will notice and take additional depositions in the October-January period, depending on the substance of the University's initial disclosures and discovery responses, deposition testimony, and other developments.

**E.** **Other Relevant Dates**

As agreed to by the Parties and/or as set forth in the Court's Order dated June 7, 2019, the

Parties will abide by the following schedule:

**Close of Fact Discovery**:  January 31, 2020

**Deadline for Proponent's Rule 26(a)(2)(B) & (C) Disclosures**:  February 28, 2020

**Deadline for Opponent's Rule 26(a)(2)(B) & (C) Disclosures**:  March 27, 2020

**Deadline for Replies to Rule 26(a)(2)(B) & (C) Disclosures**:  April 10, 2020

**Expert Depositions**:  April 10, 2020–April 30, 2020

**Close of All Discovery**:  April 30, 2020

Respectfully submitted,

/s/ Jessi Isenhart
Jessi Isenhart
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
Cleveland Field Office
1240 East 9th Street, Suite 3001
Cleveland, OH 44199
jessi.isenhart@eeoc.gov
Telephone:    216-522-7676
Facsimile:    216-522-7430

Counsel for Plaintiff

/s/ Jason C. Schwartz
Jason C. Schwartz
D.C. Bar No. 465837
jschwartz@gibsondunn.com
Matthew P. Sappington (admitted *pro hac vice*)
D.C. Bar. No. 1616305
msappington@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone:    202-955-8500
Facsimile:    202-467-0539

Counsel for Defendant