# Exhibit 5

**Sappington, Matthew**

| | |
|---|---|
| **From:** | Senger, Molly T. <MSenger@gibsondunn.com> |
| **Sent:** | Tuesday, July 21, 2020 2:46 PM |
| **To:** | Kollar-Kotelly Chambers; MELANIE PETERSON; JESSI ISENHART; KATE NORTHRUP; Schwartz, Jason C.; Sappington, Matthew; Miller, Wendy |
| **Subject:** | RE: EEOC v. George Washington University, 17-cv-1978 |

Judge Kollar-Kotelly:

The George Washington University respectfully requests the opportunity to submit a letter-brief regarding the EEOC's refusal to sequester or destroy the University's privileged documents. After Judge Harvey ordered the EEOC to produce all responsive documents provided to the EEOC by the Charging Party (warning that the failure to do so would be "sanctionable"), it became evident that the EEOC had—for months—been in possession of the University's privileged documents. This was quite troubling, since the EEOC both (1) neglected to inform the University of the fact that it was in possession of the University's privileged documents and (2) affirmatively resisted producing them until ordered to do so. The University wrote the EEOC on May 22, and requested, among other things, that the documents be sequestered and destroyed as they are obviously privileged—they reflect legal advice and analysis from University Associate General Counsel Stephanie Baldwin. Despite multiple requests for a response, the EEOC refused to provide the University with a written response to its May 22 letter and deferred even discussing the matter orally until July 14, 2020. During that July 14 discussion, the EEOC stated that (1) Charging Party provided them with the privileged documents at issue in November 2019; (2) no one at the EEOC reviewed the documents at any point between November 2019 and March 2020; (3) although the EEOC produced the documents to the University subsequent to Judge Harvey issuing an order requiring their production, "[t]he documents at issue were not read [by the EEOC] in connection with producing them"; (4) the EEOC reviewed the documents for the first time only after receiving the University's May 22 letter (identifying the documents as privileged); and (5) based on that review, the EEOC maintains the documents are not attorney-client privileged or attorney work-product, and, in any event, that the privilege was waived by the University. The EEOC made clear it would not sequester or destroy the documents absent Court order.

The University maintains that the EEOC's conduct—reviewing documents after being placed on clear notice that they were privileged—reflects a violation of D.C. Ethics Opinion 256. "Reading the materials under these circumstances should be treated as the equivalent of a lawyer opening the closed file folder of his adversary in a conference room, while the adversary was out of the room." (D.C. Ethics Op. 256). The University requests the opportunity to submit a full letter-brief on this issue, and is happy to provide the Court with *in camera* copies of the documents at issue so the Court can confirm that they do, in fact, contain attorney-client privileged and attorney work-product material. The University further seeks an order requiring the EEOC to sequester and destroy the documents, and also reserves its right to seek sanctions, based on the EEOC's having admitted to purposefully reviewing documents after it was put on clear notice by the University that the University regarded those documents as privileged.

Thank you for Your Honor's time and attention to this matter.

Respectfully submitted,
Molly Senger

**Molly Senger**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8571 • Fax +1 202.530.4209
MSenger@gibsondunn.com • www.gibsondunn.com

1

**From:** Kollar-Kotelly Chambers <Kollar-Kotelly_Chambers@dcd.uscourts.gov>
**Sent:** Tuesday, July 21, 2020 11:19 AM
**To:** melanie.peterson@eeoc.gov; JESSI.ISENHART@EEOC.GOV; kate.northrup@eeoc.gov; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Sappington, Matthew <MSappington@gibsondunn.com>; Senger, Molly T. <MSenger@gibsondunn.com>; Miller, Wendy <WMiller@gibsondunn.com>
**Subject:** EEOC v. George Washington University, 17-cv-1978

[External Email]
Counsel:

The Court received a voicemail that appears to pertain to this case, *EEOC v. George Washington University*, 17-cv-1978. It appeared from the voicemail that the parties may have another discovery dispute. In lieu of the parties calling in jointly at this point in time, if the parties do have a discovery dispute, the Court asks that each party send a short (1-2 paragraph maximum) explanation of the issue, in their view, in response to this email. Once the Court has received this information, it will determine next steps.

It was not clear from the voicemail what exactly the issue was, so if in fact the parties do not have a discovery dispute, please let the Court know what the parties were trying to speak with Chambers about.

Thank you.

Chambers of the Honorable Colleen Kollar-Kotelly
U.S. District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001
(202) 354-3340

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.