# Exhibit 6

**Sappington, Matthew**

| | |
|---|---|
| **From:** | MELANIE PETERSON <MELANIE.PETERSON@EEOC.GOV> |
| **Sent:** | Tuesday, July 21, 2020 5:14 PM |
| **To:** | Kollar-Kotelly Chambers; KATE NORTHRUP; Schwartz, Jason C.; Sappington, Matthew; Senger, Molly T. |
| **Subject:** | RE: EEOC v. George Washington University, 17-cv-1978 |

[External Email]
Judge Kollar-Kotelly:

    The Parties' discovery issue concerns whether two emails EEOC produced on March 20, 2020, pursuant to Judge Harvey's March 13, 2020, Order contain any of Defendant's privileged information, and, if so, what, if any, redactions need to be made. Judge Harvey's order mandated the production of responsive emails from Ms. Williams' GWU email box in the possession, custody, and control of EEOC by March 20, 2020. EEOC timely produced those emails, along with the following notice:

    In the event Defendant intends to mark any of the documents from today's production of emails as subject to the Protective Order, in an abundance of caution, EEOC agrees to the following: Unless and until we receive appropriate designations from you, EEOC agrees to treat the entirety of today's production of emails from Ms. Williams' GW account as though it were subject to the Protective Order for the next 30 days.

    Not until late in the afternoon 63 days later did Defendant notify EEOC of any alleged concerns with the emails at issue. (Moreover, Defendant has failed to explain its delay.) Notwithstanding Defendant took no action until the 30-day period was long past, EEOC has continued to treat those documents as though covered by the Protective Order. Also, I have reviewed only enough of the at-issue emails to determine that they are not privileged and, even if they were privileged, Defendant long ago waived privilege. Accordingly, at the meet and confer on July 14, 2020, upon reaching impasse, where defense counsel insisted that the only acceptable course was to sequester and destroy the two documents, EEOC proposed that the documents at issue be submitted to the court for an *in camera* review. EEOC maintains that an *in camera* review is appropriate. The *in camera* review will make clear that Defendant has not, because it cannot, meet its burden to establish that the emails are protected by the attorney-client privilege or the work-product doctrine.

Respectfully submitted,

/s/*Melanie M. Peterson*

Melanie M. Peterson
Senior Trial Attorney
EEOC – Philadelphia District Office
801 Market Street, Suite 1000
Philadelphia, PA 19107
267-589-9759 (DD)
215-316-1196 (cell)

---

**From:** Kollar-Kotelly Chambers <Kollar-Kotelly_Chambers@dcd.uscourts.gov>
**Sent:** Tuesday, July 21, 2020 11:19 AM
**To:** MELANIE PETERSON <MELANIE.PETERSON@EEOC.GOV>; JESSI ISENHART <JESSI.ISENHART@EEOC.GOV>; KATE NORTHRUP <KATE.NORTHRUP@EEOC.GOV>; jschwartz@gibsondunn.com; msappington@gibsondunn.com; msenger@gibsondunn.com; wmiller@gibsondunn.com
**Subject:** EEOC v. George Washington University, 17-cv-1978

1

Counsel:

The Court received a voicemail that appears to pertain to this case, *EEOC v. George Washington University*, 17-cv-1978.  It appeared from the voicemail that the parties may have another discovery dispute.  In lieu of the parties calling in jointly at this point in time, if the parties do have a discovery dispute, the Court asks that each party send a short (1-2 paragraph maximum) explanation of the issue, in their view, in response to this email.  Once the Court has received this information, it will determine next steps.

It was not clear from the voicemail what exactly the issue was, so if in fact the parties do not have a discovery dispute, please let the Court know what the parties were trying to speak with Chambers about.

Thank you.

Chambers of the Honorable Colleen Kollar-Kotelly
U.S. District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001
(202) 354-3340