**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission, | |
| Plaintiff, | |
| v. | Civil Action No. 1:17-cv-01978-CKK |
| The George Washington University, | |
| Defendant. | |

**DEFENDANT THE GEORGE WASHINGTON UNIVERSITY'S
MOTION TO STRIKE THE EEOC'S OPPOSITION TO DEFENDANT'S
<u>STATEMENT OF UNDISPUTED MATERIAL FACTS</u>**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION .................................................................................................................. 1

PROCEDURAL BACKGROUND........................................................................................ 3

ARGUMENT ........................................................................................................................ 6

      A.     The EEOC Purports To Dispute Facts Without Appropriate Citations To The Record ........................................................................................................... 8

      B.     The EEOC Disputes Facts "In Part" Without Identifying Which Part Is Admitted And Which Is Denied........................................................................... 12

      C.     The EEOC Improperly Relies On Legal Argument To "Dispute" Facts And Purports To "Dispute" Assertions The University Did Not Make ...................... 13

      D.     The EEOC Improperly Disputes Facts By Providing Additional, Irrelevant Information That Does Not Controvert The Alleged Fact.................................... 15

      E.     The EEOC's Non-Compliant Opposition Should Be Struck And The Facts In The University's Statement Of Undisputed Material Facts Should Be Deemed Admitted ........................................................................................................ 16

CONCLUSION.................................................................................................................... 18

APPENDIX A ...................................................................................................................... 20

# <u>TABLE OF AUTHORITIES</u>

Page(s)

CASES

*Dage v. Johnson*,
    537 F. Supp. 2d 43 (D.D.C. 2008) .......................................................................8, 16

*EEOC v. George Washington Univ.*,
    No. 17-cv-1978, 2020 WL 3489478 (D.D.C. June 26, 2020)...................................1

*EEOC v. George Washington Univ.*,
    502 F. Supp. 3d 62 (D.D.C. 2020) ..........................................................................1

*Gardels v. Central Intelligence Agency*,
    637 F.2d 770 (D.C. Cir. 1980)................................................................................8

*Gibson v. Office of the Architect of the Capitol*,
    No. 00-cv-2424, 2002 WL 32713321 (D.D.C. Nov. 19, 2002)................................9

*Hajjar-Nejad v. George Washington Univ.*,
    No. 10-cv-626, 2013 WL 12407402 (D.D.C. May 13, 2013)...........................14, 15

*Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*,
    101 F.3d 145 (D.C. Cir. 1996)..............................................................4, 5, 7, 8, 17

*Jimenez v. Wolf*,
    No. 19-cv-2055, 2020 WL 13546497 (D.D.C. Sept. 29, 2020)...................... *passim*

*Johnson v. Dist. of Columbia*,
    No. 17-cv-883, 2019 WL 3767103 (D.D.C. Aug. 9, 2019) ...........................3, 7, 13

*Oviedo v. Wash. Metro. Area Transit Auth.*,
    948 F.3d 386 (D.C. Cir. 2020)................................................................................3

*Robertson v. Am. Airlines, Inc.*,
    239 F. Supp. 2d 5 (D.D.C. 2002) ...............................................................7, 11, 13

*Robinson v. Dist. of Columbia*,
    130 F. Supp. 3d 180 (D.D.C. 2015) ........................................................................7

*SEC v. Banner Fund Int'l*,
    211 F.3d 602 (D.C. Cir. 2000)...........................................................................16, 17

*Wilkins v. Dist. of Columbia*,
    2019 WL 3767164 (D.D.C. Aug. 9, 2019) .......................................................... *passim*

*Williams v. Ct. Servs. & Offender Supervision Agency for D.C.*,
    110 F. Supp. 3d 111 (D.D.C. 2015) ........................................................................7

**RULES**

Fed. R. Civ. P. 56 ...........................................................................................................4

Local Civ. R. 7(h) ...........................................................................................................8

## INTRODUCTION

The EEOC's Opposition to Defendant the George Washington University's Statement of Undisputed Material Facts (Dkt. 134-2) reflects at least the **sixth** time that the EEOC has flouted the Federal Rules of Civil Procedure or the Court's orders in this case.[1]  This Court already struck the EEOC's first combined cross-motion for summary judgment and opposition to the University's motion (together, the "Cross-Motion"), finding that the EEOC's Statement of Undisputed Material Facts ("SMF") violated Local Civil Rule 7(h) and this Court's Order.  *See* Dec. 21, 2022 Minute Order (citing Dkt. 111).  On December 21, 2022, the Court directed the EEOC to re-file its Cross-Motion and all related materials by January 27, 2023.  *Id.*  Despite having more than a month to correct its deficiencies, the EEOC re-filed an Opposition to the University's SMF ("EEOC Opp.") that violates this Court's Order and Local Civil Rule 7(h) in at least four different respects.

---

[1] First, the EEOC violated Federal Rule 26(b) by insisting on taking discovery that the Court found was "obviously overbroad," and "designed to capture great swaths of information without regard to whether that information is likely relevant and unique."  *EEOC v. George Washington Univ.*, No. 17-cv-1978, 2020 WL 3489478, at *7 (D.D.C. June 26, 2020).  Second, the EEOC violated Rule 26(b)(5)(B) by reviewing the University's attorney-client privileged documents after the University informed the EEOC that the documents were privileged and had been surreptitiously taken from the University by the Charging Party without the University's consent.  Although the Court declined to sanction the EEOC, it "warned [the EEOC] to assiduously comply with the letter and spirit of the Federal Rules of Civil Procedure and its ethical responsibilities" moving forward.  *EEOC v. George Washington Univ.*, 502 F. Supp. 3d 62, 90 (D.D.C. 2020).  Third, after the University filed its motion for summary judgment on November 22, 2022, the EEOC responded with its own motion, accompanied by a 107-page purported Statement of Undisputed Material Facts that this Court found violated Local Civil Rule 7(h)(1) and the Court's Order.  *See* Dec. 21, 2022 Minute Order.  Fourth, on January 29, 2023, the Court struck the EEOC's Motion to Seal certain exhibits in support of its Cross-Motion because the EEOC did not include a Local Rule 7(m) statement with its Motion.  Jan. 29, 2023 Minute Order.  The Court noted that this was the second time it had stricken the EEOC's filings for noncompliance with the Local Rules and stated that further noncompliance may result in sanctions.  *Id.*  Most recently, the EEOC violated the Protective Order in this case by filing on the public docket a document that the University had marked as "**CONFIDENTIAL**" in bold, capitalized letters.  In striking the document from the public docket, the Court correctly recognized that the EEOC's conduct had been "violative of the parties' protective order in this matter."  Jan. 31, 2023 Minute Order; *see also* Dkt. 33.

*First*, the EEOC purports to "dispute" facts in the University's SMF without providing citations to the record to substantiate a genuine dispute—even though the party disputing a fact "must furnish **precise citations** to the portions of the record on which they rely."  Dkt. 111 at 2 ¶ 6 (emphasis in original); *see also, e.g.*, *Jimenez v. Wolf*, No. 19-cv-2055, 2020 WL 13546497, at *7 (D.D.C. Sept. 29, 2020) ("If the opposing party denies a fact, it must include an explanation with citations to competent evidence in the record").  For example, the EEOC "disputes" the innocuous fact that Patrick Nero became the University's Director of Athletics and Recreation in July 2011, but provides no citation to explain the basis of this "dispute"—much less a citation that suggests he had a different role or assumed this position on a different date.  *See* EEOC Opp. ¶ 1.

*Second*, the EEOC disputes scores of numbered paragraphs "in part" without "specifically identify[ing] which parts are admitted and which parts are denied"—again, in direct violation of this Court's Order.  Dkt. 111 at 2 ¶ 3.  *See, e.g.*, EEOC Opp. ¶ 38 (purporting to dispute "in part" that the Charging Party addressed envelopes for Nero and updated the contacts folder in his email, without identifying which portion(s) of this allegation is actually disputed).

*Third*, in many instances, the EEOC "disputes" an alleged fact (at least in part) by arguing about the *legal* implications of that fact without providing evidence to contradict the fact.  In one egregious example, the EEOC disputes "in part" that Michael Aresco, the male comparator to the Charging Party, earned degrees from the University of Connecticut and Wagner College.  *See* EEOC Opp. ¶¶ 118-119.  Rather than cite evidence that Aresco did not earn degrees from these institutions, however, the EEOC "disputes the assertion that Aresco's education factored into the decision to select Aresco for the position."  *Id.*  But the University made no such assertion in the applicable SMF Paragraph.  And, as this Court has made clear, legal inferences and "[a]rguments . . . are, of course, not facts" and have no place in an SMF or a response thereto.  *Johnson v. Dist.*

*of Columbia*, No. 17-cv-883, 2019 WL 3767103, at *3 (D.D.C. Aug. 9, 2019) (Kollar-Kotelly, J.).

*Fourth*, the EEOC "disputes" many facts by citing additional, irrelevant information that does not controvert the fact. For instance, the EEOC disputes "in part" that Nero's telephone "rang directly" at the Charging Party's desk because the phone allegedly "also rang" at a second person's desk. EEOC Opp. ¶ 33. But this Court ordered the EEOC to "specifically" admit facts not reasonably in dispute—here, that the Athletic Director's phone did ring at the Charging Party's desk—and to place any "additional facts . . . not directly relevant" in "consecutively numbered paragraphs at the end" of its response to the University's SMF. Dkt. 111 at 2 ¶ 5. Again, the EEOC failed to heed the Court's instruction.

The EEOC's violations of Local Civil Rule 7(h) and this Court's Order warrant striking its Opposition and "deem[ing] as admitted" all facts in the University's SMF. *Jimenez*, 2020 WL 13546497, at *8 (quoting Local Civil Rule 7(h)). The D.C. Circuit has affirmed the grant of summary judgment against a *pro se* litigant who failed to properly dispute an opposing party's statements of undisputed material fact. *See*, *e.g.*, *Oviedo v. Wash. Metro. Area Transit Auth.*, 948 F.3d 386, 398 (D.C. Cir. 2020). Here, the University is not litigating against a *pro se* litigant— but against a federal agency that already has failed to comply with the Local Rules and this Court's Orders on ***at least five prior*** occasions. *See supra* at n.1. No more chances are warranted.

For all these reasons, and those set forth below, the University respectfully requests that the Court strike the EEOC's Opposition and deem all facts in the University's SMF as admitted.

## PROCEDURAL BACKGROUND

On October 7, 2022, this Court set a summary judgment briefing schedule, pursuant to which the University was required to file its motion for summary judgment by November 22, 2022, and the EEOC was required to file its Cross-Motion by December 13. *See* Dkt. 111.

In its Order setting the briefing schedule, the Court made clear that it "**strictly adheres to the dictates of Local Civil Rule 7(h)**," which requires that a party opposing a motion for summary judgment "submit a statement enumerating all material facts which the party contends are genuinely disputed and thus require trial." Dkt. 111 at 2 ¶ 1. The Court "**ORDERED**" that a party responding to a statement of material facts "must respond to each paragraph with a **correspondingly numbered paragraph**, indicating whether that paragraph is admitted or denied." *Id.* at 2 ¶ 3. The Court further ordered that if a fact in a paragraph is "admitted only in part, the party must specifically identify which parts are admitted and which parts are denied." *Id.* The Court instructed that if a party has "additional facts that are not directly relevant to its response, it must identify such facts in consecutively numbered paragraphs **at the end** of its responsive statement of facts." *Id.* at 2 ¶ 5. In addition, the Court reminded the parties that they must "furnish **precise citations** to the portions of the record on which they rely," *id.* at 2 ¶ 6, and that the Court may "assume that facts identified by the moving party in its statement of material facts are **admitted**," unless such facts are properly controverted in the opposition, *id.* at 2 ¶ 4; *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion."). The Court also "strongly encouraged" the parties to "carefully review" *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 150 (D.C. Cir. 1996), in which the D.C. Circuit found that the district court did not abuse its discretion in striking a deficient response to a statement of material facts and "deem[ing] as admitted the moving party's facts." *Id.* at 154. The Court expressly warned the parties that it "may strike papers not in conformity" with these requirements. *See* Dkt. 111 at 2.

On November 22, 2022, the University filed its motion for summary judgment, memorandum of points and authorities in support thereof, and SMF in accordance with the Court's

Order.  *See* Dkts. 111-116.  The EEOC filed its Cross-Motion and supporting materials between 11:57 PM ET on December 13, 2022 and 2:17 AM ET on December 14, 2022.  *See* Dkt. 129.  The Court excused the EEOC's untimely filing in light of its counsel's representation that she had a family emergency.  Dec. 18, 2022 Minute Order.  The following week, the Court ordered that the EEOC's Cross-Motion and "each of its attachments" be "STRICKEN from the record."  Dec. 21, 2022 Minute Order.  The Court explained that it had warned the parties of the need to strictly comply with Local Civil Rule 7(h)(1), which requires that statements of undisputed material facts be "concise," and that the Court also had warned that it "may strike nonconforming papers."  *Id.* The Court determined that the EEOC's 107-page, 707-paragraph SMF did not comport with Rule 7(h)(1) and thus ordered that it be stricken, along with all of the other materials that the EEOC had filed with its Cross-Motion—including its opposition to the University's SMF.  *Id.*  The Court ordered the EEOC to re-submit its new Cross-Motion, new opposition to the University's SMF, and all other supporting materials by January 27, 2023.  *Id.*  The Court subsequently ordered that the University submit its combined reply in support of its motion and opposition to the EEOC's motion (together, "the Reply") by February 17, 2023.

On January 27, 2023—more than six weeks after the EEOC filed its original Cross-Motion—the EEOC re-filed a revised Cross-Motion, revised supporting materials, and a revised opposition to the University's SMF (the "Opposition").  *See* Dkt. 134.

Pursuant to Local Rule 7(m), counsel for the University contacted counsel for the EEOC on February 10, 2023 to request a time to meet and confer regarding the deficiencies in the EEOC's Opposition.  The University outlined for the EEOC the four major deficiencies in the Opposition, and, at the EEOC's request, then provided a chart, which identified each Paragraph of the Opposition that violated Local Civil Rule 7(h) or the Court's Order and explained the basis of the

violation.  *See* **Ex. 1** (Feb. 2023 Emails btw. M. Senger and D. Cowart).  The EEOC informed the University that it was not available to meet and confer until Wednesday, February 15—two days before the University's Reply was due.  On Wednesday, February 15, shortly before the parties' meet-and-confer call, counsel for the EEOC provided counsel for the University with a two-page letter, purporting to explain why the Opposition did, in fact, comply with the Local Rules and why a motion to strike was not warranted.  *See id.*  The parties then met and conferred on the phone, and the University responded to the EEOC's letter via email, outlining why it disagreed with the EEOC, and asking whether the EEOC would withdraw its Opposition and seek leave to re-file in light of the concerns that the University had raised.  *See id.*  The EEOC responded by accusing the University of meeting and conferring "in bad faith," and threatening the University that if it proceeded with a motion to strike, the EEOC "may seek attorneys' fees and/or other sanctions." *Id.*  The University requested that the EEOC refrain from inflammatory threats and accusations, and explained a final time why it believed a motion to strike the EEOC's Opposition was warranted.  *See id.*  The EEOC did not respond, and this motion followed.

## ARGUMENT

Local Civil Rule 7(h)(1) states that an opposition to a motion for summary judgment "shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement."  The D.C. Circuit has explained that "[r]equiring strict compliance with the local rule is justified both by the nature of summary judgment and by the rule's purposes."  *Jackson*, 101 F.3d at 150 (addressing prior but materially identical version of the Rule).  At summary judgment, the parties are obligated to "isolate[] the facts" that they deem to be "material" to the case; to "distinguish[] disputed from

undisputed facts, and [to] identif[y] the pertinent parts of the record." *Id.* at 151.  Summary judgment briefing does not achieve these objectives when a statement of facts or opposition thereto is replete with "putative disputes [that] are not genuine," "facts [that] are not material," and "non-factual material," or when "references to the record are lacking." *Wilkins v. Dist. of Columbia*, No. 17-cv-884, 2019 WL 3767164, at *2 (D.D.C. Aug. 9, 2019) (Kollar-Kotelly, J.).  Where that is the case, a court cannot "decide motions for summary judgment efficiently and effectively." *Id.* For this reason, litigants "are not only expected to follow" Local Civil Rule 7(h), but "are duty bound to do so." *Robinson v. Dist. of Columbia*, 130 F. Supp. 3d 180, 186–87 (D.D.C. 2015); *see also* Dkt. No. 111 at 2 ¶ 1 (advising that this Court "strictly adheres" to Rule 7(h)).

When parties fail to abide by the requirements of Rule 7(h), courts in this district have not hesitated to strike their statements of material facts or responses thereto. *See, e.g.*, *Johnson*, 2019 WL 3767103, at *3 (striking statement of undisputed material facts that was "not concise" and contained "legal argument"); *Williams v. Ct. Servs. & Offender Supervision Agency for D.C.*, 110 F. Supp. 3d 111, 115 (D.D.C. 2015) (striking response to statement of material facts that was "replete with argument"); *Robertson v. Am. Airlines, Inc.*, 239 F. Supp. 2d 5, 9 (D.D.C. 2002) (striking statement that "liberally mixes facts with argument"); *Wilkins*, 2019 WL 3767164, at *2 (striking statement where "references to the record are lacking").  And, where a non-moving party already has been warned regarding the requirements of Local Civil Rule 7(h), courts have not hesitated to strike the offending opposition without providing the non-moving party an opportunity to amend, instead deeming all facts asserted by the moving party as admitted. *See, e.g.*, *Jimenez*, 2020 WL 13546497, at *8; *Jackson*, 101 F.3d at 150.  In other words, "[a] nonmovant's 'failure to file a proper Rule [7(h)] Statement in . . . opposing a motion for summary judgment may be

fatal to the delinquent party's position.'"  *Dage v. Johnson*, 537 F. Supp. 2d 43, 52 (D.D.C. 2008)

(quoting *Gardels v. Central Intelligence Agency*, 637 F.2d 770, 773 (D.C. Cir. 1980)).

Here, for at least four separate reasons, the EEOC's Opposition does not comport with the

requirements of Local Civil Rule 7(h) or this Court's Order and should be struck without the

opportunity to amend, such that all facts set forth in the University's SMF are deemed admitted.[2]

A.    **The EEOC Purports To Dispute Facts Without Appropriate Citations To The Record**

Both the Court's Order and Local Civil Rule 7(h)(1) require that a party disputing an

alleged fact must "furnish **precise citations** to the portions of the record on which they rely."  Dkt.

111 at 2 ¶ 6; *see also* L. Civ. Rule 7(h)(1) (an opposition "shall include references to the parts of

the record relied on to support the statement").  Yet in its Opposition, the EEOC repeatedly

purports to dispute facts without citations that support those alleged "disputes."

For example, the EEOC purports to dispute the very first fact in the University's SMF—

namely, that Patrick Nero became the University's Director of Athletics and Recreation in July

2011.  Remarkably, the EEOC provides no citation to explain the basis of this asserted "dispute"—

nor could it.  *See* EEOC Opp. ¶ 1.  In another example, the EEOC purports to "**DISPUTE IN**

**PART**" Paragraph 7 of the University's SMF, in which the University quotes from the job

description for the Executive Assistant role, stating: "The posting explained that Nero's executive

assistant would perform duties such as '[o]verse[ing] daily calendar, scheduling of meetings, . . .

[and] making 'appointments.'"  SMF ¶ 7.  The EEOC provides no citation to justify the dispute—

---

[2] Given the number of deficiencies in the EEOC's 353-paragraph Opposition, the University has not endeavored to catalogue each and every deficiency in this brief.  Nevertheless, included as **Appendix A** is a list of all Paragraphs of the EEOC's Opposition that violate the Court's Order and/or Local Rule 7(h), as well as a brief description of the reason(s) why those Paragraphs do not comply.  The University provided a version of this Appendix to the EEOC during the parties' meet-and-confer process.  *See* **Ex. 1**.

nor does it identify which "part" of the Paragraph is disputed.  *See* EEOC Opp. ¶ 7.  Instead, the EEOC simply writes: "Defendant's assertion does not accurately or completely describe Williams' work, and the assertion is not supported by the material cited."  *Id.*  But of course, the assertion is not just supported by the material cited; it *quotes* the material cited.  *See* SMF ¶ 7.  As for the EEOC's additional claim in its response to this Paragraph that the University did not "accurately or completely describe Williams' work," that is precisely the kind of "excess, unresponsive verbiage [that] is a clear violation of both the letter and spirit" of Local Civil Rule 7(h).  *Gibson v. Office of the Architect of the Capitol*, No. 00-cv-2424, 2002 WL 32713321, at \*1 n.1 (D.D.C. Nov. 19, 2002) (Kollar-Kotelly, J.).  As this Court has explained, the Rule requires the EEOC to "address the facts outlined in Defendant's Statement"; not to describe "the 'contextual and structural background' surrounding Defendant's stated facts."  *Id.*[3]

Even where the EEOC does provide some citation to the record to justify an asserted "dispute," the cited portions of the record often do not substantiate the purported dispute at all. For example, the EEOC disputes the University's statement in Paragraph 41 of its SMF that "[o]ne of Williams's 'principal responsibilities' was planning Nero's travel, including booking flights and hotels."  EEOC Opp. ¶ 41.  The EEOC cites pages 33 through 37 of Williams's deposition as the supposed basis in the record for this dispute.  *Id.*  However, on page 33 of her deposition transcript, Williams was asked:  "Was one of your principal responsibilities to manage Mr. Nero's travel and donor meetings?"  She responded "Yes."  Dkt. 115-2 at 33:6-9.  It is difficult to

---

[3] During the parties' February 15 meet-and-confer, counsel for the University explained to the EEOC that this response contained impermissible legal argument; that the EEOC did not specifically identify which portion of the Paragraph was admitted and which was denied; and that the EEOC failed to explain how the assertion was not supported by the material cited (when, in fact, it quotes the material cited).  *See* **Ex. 1**.  Yet the EEOC persisted in arguing that the response as drafted was appropriate and contained relevant information.  *Id.*

understand how that passage reflects a genuine "dispute" about whether planning Nero's travel was one of Williams's primary responsibilities; she clearly said that it was. *See id.* Unable to dispute the alleged fact, the EEOC disputes a fact Defendant does not assert in its SMF—that Williams's travel responsibilities were "*simply* booking flights and transportation." EEOC Opp. ¶ 41 (emphasis added); *see also* **Ex. 1** (EEOC arguing that its response to this Paragraph was appropriate because "Williams testified that Defendant's characterization of these responsibilities as *simply* booking flights and transportation was not accurate") (emphasis added). But again, the University did not assert in Paragraph 41 that Williams's travel responsibilities were limited to "booking flights and hotels" for Nero or that those tasks constituted her *sole* travel responsibilities.

Indeed, in the following Paragraph of its SMF, the University quotes Williams's own words, explaining that "Planning Nero's travel 'included understanding where [Nero] was staying in a hotel in relationship to the meetings that he was going to be having and providing [him] with ways to . . . get around whatever city he was in.'" SMF ¶ 42 (quoting Dkt. 115-2 at 33:21–34:1). The EEOC purports to "dispute [this allegation] in part," writing, "EEOC disputes Defendant's assertion that Williams' job was largely clerical." EEOC Opp. ¶ 42. But once again, the University made no assertion that Williams's job was "largely clerical" in Paragraph 42; instead, it merely quoted Williams's ***own words*** regarding what it meant for her to "plan[]" travel for the University Athletics Director. *See* SMF ¶ 42. The EEOC confuses disputes of fact with arguments about those facts—and purports to "dispute" assertions that the University did not make. *See, e.g.*, *Robertson*, 239 F. Supp. 2d at 9 (striking statement that "liberally mixes facts with argument").

In another example, the EEOC purports to dispute in part Paragraph 49 of the University's SMF, which states: "Nero testified that Williams's role with respect to budgets was to submit expenses for reimbursement and confirm that those expenses were paid from the correct budget."

SMF ¶ 49.  Rather than admit the University correctly summarized Nero's testimony with respect to Williams's budgetary responsibilities, the EEOC attempts to manufacture a dispute where none exists, writing: "**DISPUTE IN PART**.  This mischaracterizes and diminishes Williams's role working on budgets."  EEOC Opp. ¶ 49.  The EEOC then purports to "reassert[] its response to Paragraphs 5, 7, 9, 22, 25, 27, 44, 45, 47, and 48."  *Id.*  In other words, the EEOC provides no actual citations to the record to substantiate this dispute.  The EEOC does not—and cannot— dispute that Nero "*testified*" as described, so rather than admit the allegation, the EEOC simply regurgitates its own, deficient responses to no less than **ten other** Paragraphs of the University's SMF in an attempt to manufacture a partial dispute where there is no evidence of one.[4]

This pattern of "putative disputes [that] are not genuine," *Wilkins*, 2019 WL 3767164, at *2, continues throughout the EEOC's Opposition.  In one additional example, the EEOC purports to dispute Paragraph 196 of the University's SMF, which states: "Williams previously had conveyed her interest in the Special Assistant role to Kayer, who 'specifically told' Williams to apply."  SMF ¶ 196 (quoting Dkt. 115-2 at 218:7-16).  The EEOC claims this allegation is in "**DISPUTE**," writing that the Paragraph "mischaracterizes Williams's deposition testimony."  EEOC Opp. ¶ 196.  But again, the cited testimony shows there is no dispute here.  Williams was asked point-blank:  "Ms. Kayer specifically told you [that] you should apply for the job, correct?" She responded unequivocally: "Yes."  Dkt. 115-2 at 218:11-12.

---

[4] Perhaps realizing that its "reassertion" of responses to many other Paragraphs does not, in fact, constitute a specific admission or denial as required by the Rules, the EEOC offered to the University on February 15 that it could provide "examples" of revised responses to the University's SMF Paragraphs where the Commission previously responded only by referencing the "EEOC's other responses."  But as the University explained to the EEOC, a party must specifically admit or deny all facts in a SMF—not just provide "examples" of revised responses where its original ones were deficient.  *See* **Ex. 1**.

Where, as here, "references to the record are lacking" or do not substantiate a "genuine" dispute, an opposition should be struck. *See, e.g.*, *Wilkins*, 2019 WL 3767164, at *2.

**B.    The EEOC Disputes Facts "In Part" Without Identifying Which Part Is Admitted And Which Is Denied**

This Court ordered that "[i]f a paragraph is admitted only in part, the party must specifically identify which parts are admitted and which parts are denied." Dkt. 111 at 2 ¶ 3. However, throughout its Opposition, the EEOC disputes the University's Paragraphs "in part" without specifically identifying which part of the University's numbered Paragraph is admitted and which part is denied. For example, the EEOC "dispute[s] in part" that the Charging Party addressed envelopes for Nero and updated the contacts folder in Nero's email, without identifying which portion(s) of this allegation is actually disputed. *See* EEOC Opp. ¶ 38. The EEOC also "disputes in part" the University's statement that "Williams testified that her responsibilities . . . included 'five-year forecasting' of Athletics Department expenditures." *Id.* ¶ 47. The EEOC responds: **"DISPUTE IN PART.** Williams' responsibilities for managing three budgets were not limited to five-year forecasting." *Id.* That is non-responsive—and also does not identify which portion of the University's statement the EEOC admits and which portion it denies.

Later, the EEOC purports to "dispute in part" the University's assertion that "[i]n April 2015, an Associate Athletics Director had left Nero a folder marked 'Nero' and 'Confidential,' which contained student-athlete exit interviews." EEOC Opp. ¶ 112. But rather than identify which part of this Paragraph it admits and which it denies, the EEOC once again disputes an assertion that the University did not make, writing: "EEOC disputes the assertion that the exit interviews were for Nero's eyes only." *Id.* That "assertion" appears nowhere in Paragraph 112 of the University's SMF, and the EEOC's response to this Paragraph—and many others—makes it exceedingly difficult for this Court to discern genuine disputes of fact from artificial ones.

As this Court has made clear, "[i]f Plaintiff admits in part and denies in part a given fact paragraph, then he shall very specifically distinguish which parts he admits and denies." *See Johnson*, 2019 WL 3767103, at *1. The EEOC's failure to do so warrants striking its Opposition.

### C.     The EEOC Improperly Relies On Legal Argument To "Dispute" Facts And Purports To "Dispute" Assertions The University Did Not Make

Because "[a]rguments . . . are, of course, not facts," they have no place in a statement of undisputed material facts or opposition thereto. *Johnson*, 2019 WL 3767103, at *3. Nevertheless, the EEOC engages in argument in virtually each of its responses to the University's SMF Paragraphs. Rather than dispute the facts themselves, the EEOC argues that the Court should not draw particular inferences from the University's asserted facts. That is improper. *See, e.g.*, *Robertson*, 239 F. Supp. 2d at 9 (striking statement that "liberally mixes facts with argument").

For example, while the EEOC does not dispute that "Williams addressed envelopes for Nero and updated the contacts folder in his email," it "disputes that Williams merely addressed envelopes or had a largely clerical role" and provides additional facts by reasserting is responses to other paragraphs. EEOC Opp. ¶ 38. This response is an impermissible argument against a possible inference to be drawn from the University's asserted fact, not a rejection of the fact itself. In Paragraph 68, the EEOC does not dispute that "the 'special projects' on which Williams worked included sending out the Athletics Department's annual holiday card." *See id.* ¶ 68. But the EEOC attempts to contest the implications of that fact, stating it "disputes Defendant's characterization of the work and inference that these are the only special projects for which Williams was responsible." *Id.* No such inference appears in Paragraph 68 of the University's SMF, however, and the EEOC's commentary on that supposed inference has no place in its Opposition. *See, e.g.*, *Hajjar-Nejad v. George Washington Univ.*, No. 10-cv-626, 2013 WL 12407402, at *1 (D.D.C.

May 13, 2013) (Kollar-Kotelly, J.) (explaining that parties are not "permitted to include in their statements of facts explanation and argument supporting their positions").

Perhaps having learned since its first stricken filing that arguing about inferences is not permitted in a response to a statement of material facts, the EEOC edited many of its responses from its first Opposition before submitting its second, replacing the phrase "EEOC disputes the inference" with "EEOC disputes the assertion." *Compare, e.g.*, Dkt. 127-2 ¶ 74 *with* EEOC Opp. ¶ 74. But whether referred to as an "assertion" or an "inference," the EEOC is disputing "assertions" or "inferences" that ***do not appear*** in the University's SMF. For instance, the EEOC "dispute[s] in part" Paragraph 77 of the University's SMF, which states that "Williams was not responsible for developing or drafting Athletics Department policies." EEOC Opp. ¶ 77. The EEOC does not identify which portion of this Paragraph is admitted or disputed, or cite any evidence to show that Williams was responsible for developing or drafting Athletics Department policies. (Plainly, she was not. *See* SMF ¶ 77.) Instead, the EEOC simply writes that it "disputes the assertion that ***Aresco was*** responsible for developing or drafting Athletics Department policies." EEOC Opp. ¶ 77 (emphasis added). But of course, Paragraph 77 contains ***no reference*** to Aresco at all. The EEOC's response to this Paragraph is, therefore, wholly non-responsive.

Likewise, in Paragraphs 118 and 119, the EEOC "disputes" that Aresco had a Bachelor of Arts degree from the University of Connecticut and a master's degree from Wagner College on the ground that these facts are not material and that Aresco was "preselected for the [Special Assistant] position before it was posted," among other things. EEOC Opp. ¶¶ 118-119. But the EEOC neither admits that Aresco actually had those degrees nor cites any controverting facts to show that he did not have those degrees. *See id.* In other words, the EEOC's entire response consists of arguing about the legal import of facts in the SMF Paragraph, rather than either

admitting them or citing evidence to dispute them.  The EEOC suggests in its meet-and-confer correspondence that these arguments are not legal arguments because the EEOC did not include "any citations to case law."  **Ex. 1**.  But of course, a party can engage in impermissible argument about the legal import of alleged facts even without citing case-law—and that is what the EEOC has done throughout its Opposition.  Because the EEOC's Opposition is replete with "extraneous . . . legal argument" that makes it difficult to identify genuinely disputed facts from non-disputed ones, it should be struck.  *Hajjar-Nejad*, 2013 WL 12407402, at *1.

### D. The EEOC Improperly Disputes Facts By Providing Additional, Irrelevant Information That Does Not Controvert The Alleged Fact

The Court also ordered that if a party has "additional facts that are not directly relevant to its response, it must identify such facts in consecutively numbered paragraphs **at the end** of its responsive statement of facts."  Dkt. 111 at 2 ¶ 5.  In other words, "[m]aterial facts additional to those that Defendant has raised . . . should appear in Plaintiff's Additional Facts."  *Wilkins*, 2019 WL 3767164 at *3.  The EEOC violates this directive throughout its Opposition, often responding to simple alleged facts with lengthy, single-spaced paragraphs of additional information in the same Paragraph—rather than in a separate set of "Additional Facts" at the end of its response.  *See, e.g.*, EEOC Opp. ¶ 10 (admitting that Williams had a bachelor's degree in pharmaceutical and healthcare marketing but gratuitously adding that she also "obtained a graduate degree from Defendant in August 2017"); *id.* ¶ 33 (disputing in part that "Nero's telephone rang directly to Williams's receptionist desk" by asserting that "calls placed to Nero's phone also rang directly to Assistant Athletics Director Brian Hamluk"); *id.* ¶ 143 (disputing in part that "Williams was never a sport administrator" by asserting that she "assisted with compliance and planning team travel").

By failing to include these "additional facts" at the end of its Opposition, the EEOC violated the Court's Order and confused the summary judgment record.  *See* Dkt. 111 at 2 ¶ 5.

**E.     The EEOC's Non-Compliant Opposition Should Be Struck And The Facts In The University's Statement Of Undisputed Material Facts Should Be Deemed Admitted**

Because the EEOC's Opposition violates both Local Civil Rule 7(h) and this Court's Order, the Opposition should be struck and all facts in the University's SMF should be deemed admitted. *See, e.g.*, *Jimenez*, 2020 WL 13546497, at *8 (treating "the entirety of the government's statement of undisputed facts as conceded" where the plaintiff had "ignored the requirements of Rule 7(h)").

This Court need not "proceed paragraph by paragraph through Plaintiff's Statement to determine which paragraphs, if any, are (in)appropriate." *Wilkins*, 2019 WL 3767164, at *5. To engage in such a burdensome, paragraph-by-paragraph analysis—which the University already was forced to do—would "require the Court to do the very winnowing exercise" that ***the EEOC*** should have done in briefing summary judgment, and that the D.C. Circuit has said "the trial court need not do." *Id.* at *4. Stated differently, "'the district court is under no obligation to sift through the record'" when a party fails to comply with Local Civil Rule 7(h). *Dage*, 537 F. Supp. 2d at 52 (quoting *SEC v. Banner Fund Int'l*, 211 F.3d 602, 616 (D.C. Cir. 2000)).

Local Civil Rule 7(h)(1) provides that the Court may "assume that facts identified by the moving party . . . are admitted" unless such facts are properly "controverted in the statement of genuine issues filed in opposition to the motion." This Court also has warned several times that it "**strictly adheres to the dictates of Local Civil Rule 7(h)**," and that the Court may "assume that facts identified by the moving party in its statement of material facts are **admitted**," unless such facts are properly controverted in the opposition, Dkt. 111 at 2 ¶¶ 1, 4. The Court further warned that it "may strike papers not in conformity" with these requirements. *See* Dkt. 111 at 2. And this Court did strike the EEOC's first Cross-Motion and related filings once, based on its finding that they violated the Court's Orders and Local Civil Rule 7(h). *See* Dec. 21, 2022 Minute Order.

Having shown that the EEOC's second-filed Opposition remains "generally problematic,"

and having engaged in good faith in the meet-and-confer process to attempt to convince the EEOC to revise its deficient Opposition, *see* **Ex. 1**, the University has "discharged [its] burden to show that the Court should strike Plaintiff's Statement for failure to comply with Local Civil Rule 7(h)." *Wilkins*, 2019 WL 3767164, at \*5 (citing *Jackson*, 101 F.3d at 154).  And, once the Opposition has been stricken, the EEOC should not be given a ***third*** bite at the apple in briefing summary judgment.  Where a party already has been given "a chance to correct his Statement," "was expressly advised of the relevant rule and the controlling case, and . . . did not heed that instruction," *Wilkins*, 2019 WL 3767164, at \*4, no more opportunities are warranted.  This is also not a case in which the University is litigating against an unexperienced *pro se* litigant, but against a federal agency that should be familiar with the requirements of Local Civil Rule 7(h).

Moreover, when the EEOC most recently violated the Local Rules, this Court issued a Minute Order, which stated:  "this is now the second time the Local Rules have required striking Plaintiff United States Equal Opportunity Employment Commission's pleadings for noncompliance.  Consistent with the Court's [5] Order and December 21, 2022 minute order, further noncompliance as to this pending briefing for summary judgment may result in sanctions." Jan. 29, 2023 Minute Order.  The EEOC did not heed the Court's warning.  Indeed, rather than endeavor to correct its deficient filing in connection with the meet-and-confer process, the EEOC threatened *the University* with sanctions if the University were to proceed with filing a motion to strike.  Under these circumstances, the Court should strike the EEOC's Opposition and deem all facts in the University's SMF admitted.  *See, e.g.*, *Jimenez*, 2020 WL 13546497, at \*8; *Banner Fund Int'l*, 211 F.3d at 616 (finding that the district court was "fully justified in treating as admitted the SEC's statement of material facts" where the party opposing the SEC's summary judgment motion filed "a response and an affidavit, neither of which pointed to specific parts of the record

controverting the SEC's lengthy statement of undisputed facts").

## CONCLUSION

For the foregoing reasons, the University respectfully requests that the Court grant its motion, strike the EEOC's Opposition to the University's Statement of Undisputed Material Facts and deem all facts in the University's Statement of Undisputed Material Facts as admitted.


Dated: February 17, 2023          Respectfully submitted,

/s/ *Jason C. Schwartz*
Jason C. Schwartz, D.C. Bar No. 465837
Molly T. Senger, D.C. Bar No. 995975
Katherine Moran Meeks, D.C. Bar No. 1028302
Matthew P. Sappington, D.C. Bar No. 1616305
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: 202.955.8500
Facsimile: 202.467.0539
jschwartz@gibsondunn.com

*Attorneys for Defendant The George Washington University*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2023, I caused a true and correct copy of this motion to be electronically filed through the Court's CM/ECF system, which will send a notice of filing to all registered users.

Dated:  February 17, 2023                    Respectfully submitted,

                                             /s/ *Jason C. Schwartz*
                                             Jason C. Schwartz, D.C. Bar No. 465837
                                             GIBSON, DUNN & CRUTCHER LLP
                                             1050 Connecticut Avenue, N.W.
                                             Washington, D.C.  20036
                                             jschwartz@gibsondunn.com

APPENDIX A

| Description of Violation(s) of Local Rule 7(h) and/or this Court's Order | Offending Responses by Paragraph Number |
|---|---|
| Paragraphs In Which The EEOC Purports To Dispute Facts Without Appropriate Citations To The Record | 1, 3, 7, 9, 12, 19, 26, 27, 28, 31, 32, 33, 34, 35, 38, 39, 40, 42, 49, 51, 52, 62, 63, 69, 70, 76, 80, 81, 85, 88, 89, 90, 93, 94, 96, 104, 111, 112, 113, 114, 115, 116, 117, 119, 121, 128, 129, 131, 132, 133, 134, 135, 141, 147, 156, 157, 158, 163, 169, 175, 181, 184, 185, 186, 188, 193, 195, 196, 198, 199, 200, 201, 203, 204, 206, 208, 209, 211, 212, 213, 214, 219, 221, 222, 224, 225, 226, 227, 232, 237, 259, 265, 266, 267, 269, 270, 271, 277, 282, 285, 286, 287, 289, 301, 302, 303, 304, 306, 314, 324, 328, 342, 343 |
| Paragraphs In Which The EEOC Disputes Facts "In Part" Without Specifically Identifying Which Part Is Admitted And Which Is Denied | 3, 7, 9, 12, 27, 32, 33, 40, 47, 51, 94, 112, 118, 119, 120, 121, 130, 131, 133, 134, 135, 140, 213, 214, 261, 280, 284, 285, 286, 287, 289, 308, 324 |
| Paragraphs In Which The EEOC Improperly Relies On Legal Argument To Dispute Facts And/Or Disputes Inferences Or Assertions Not Made By The University | 3, 11, 12, 13, 15, 22, 27, 32, 38, 40, 41, 49, 68, 69, 70, 74, 75, 76, 77, 80, 81, 82, 83, 84, 85, 86, 87, 90, 93, 99, 102, 112, 113, 118, 119, 120, 132, 133, 134, 135, 139, 140, 149, 163, 182, 183, 184, 192, 193, 198, 199, 203, 205, 206, 211, 212, 213, 214, 215, 217, 218, 219, 222, 224, 239, 240, 241, 242, 243, 244, 248, 249, 250–54, 259, 261, 273, 275, 281, 288, 299, 300, 303, 308, 312, 314, 321, 353 |
| Paragraphs In Which The EEOC Improperly Disputes Facts By Providing Additional, Irrelevant Information That Does Not Controvert The Alleged Fact | 5, 7, 9, 10, 18, 19, 21, 22, 23, 25, 26, 27, 28, 31, 32, 33, 34, 36, 37, 38, 39, 40, 42, 47, 48, 51, 57, 58, 63, 64, 65, 74, 75, 76, 77, 78, 79, 80, 81, 83, 86, 87, 88, 89, 90, 93, 96, 99, 102, 127, 128, 129, 130, 143, 145, 157, 158, 175, 181, 197, 203, 209, 221, 255, 268, 269, 270, 271, 282, 301, 302, 311, 317, 330, 331 |